UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CHRISTOPHER A. SHELTON, et al., )<br>)<br>Defendants. ) | 2:23-cv-00173-NT |

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, the United States of America, commenced this action against Defendant Christopher Shelton, Defendant Joanna Shelton (the "Shelton Defendants"), and several entities with liens against Defendant Christopher Shelton's property, to reduce to judgment the Shelton Defendants' tax liabilities, for tax years 2010 through 2021, and to enforce related federal tax liens against certain real property owned by Defendant Christopher Shelton. (Complaint, ECF No. 1.)

Plaintiff now moves the Court for judgment on the pleadings as follows: (1) enter judgment against the Shelton Defendants in the amount of $562,815.88, plus statutory additions and interest; (2) declare that Plaintiff has valid federal tax liens securing the tax liabilities on the real property of Defendant Christopher Shelton located at 314 Cousins Street, Yarmouth, Maine, the deed to which property is recorded in the Cumberland County Registry of Deeds at Book 22072, Pages 94-95; and (3) determine that Plaintiff can enforce the liens and order the sale of the property at a judicial sale. (Motion for Judgment on the Pleadings, ECF No. 53.)  The Shelton Defendants oppose the motion, arguing that an

opportunity to negotiate exists and should be permitted, and that the sale of the property would result in an undue hardship on their family. (Shelton Defendants' Opposition, ECF No. 64.)[1]

Following a review of the record and after consideration of the parties' argument, I recommend the Court grant Plaintiff's motion for judgment on the pleadings.

## BACKGROUND

As alleged in Plaintiff's complaint, a delegate of the Secretary of the Treasury made joint assessments for the Shelton Defendants' tax liabilities, which include late filing and late payment penalties, in the amount of $562,815.88, as of January 16, 2023. (Complaint ¶ 12.) Proper notice and demand were sent to the Shelton Defendants, but they failed to pay the liabilities. (Complaint ¶ 13.)

Subsequently, federal tax liens attached to Defendant Christopher Shelton's property or rights to property. (Complaint ¶ 16.) Plaintiff filed Notices of Federal Tax Liens on the property in the Cumberland County Registry of Deeds. (Complaint ¶ 17.) In response to Plaintiff's complaint, the Shelton Defendants asserted that they agreed to and did not dispute Plaintiff's substantive allegations in the complaint. (Answers, ECF Nos. 38, 41.) The Shelton Defendants' principal defense to Plaintiff's claim is evidently the hardship they would experience if the Court ordered the sale of the property.

---

[1] Defendant Real Time Resolution, Inc. initially opposed the motion based on the relative priority of its lien on the property. The lienholder parties subsequently filed a stipulation regarding the priority of their respective liens. (Stipulation, ECF No. 74.) The Court entered an order in accordance with the stipulation. (Order, ECF No. 80.) Defendant Real Time Resolution, Inc's objection to the motion, therefore, is moot. In addition, based on the order on the stipulation, the Court dismisses as moot Plaintiff's motion to amend the scheduling order. (Motion, ECF No. 65.)

The other defendants are joined because they may have a lien on or claim an interest in the property.[2] (Complaint ¶¶ 3-10.)

## LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "ordinarily accorded much the same treatment" as a motion to dismiss for failure to state a claim. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006). To survive a Rule 12(c) motion, as with a 12(b)(6) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  Judgment on the pleadings is appropriate "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Aponte-Torres*, 445 F.3d at 54 (citing *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661 at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

---

[2] The other defendants consist of Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2007-1; Mortgage Lenders Network USA, Inc.; Mortgage Electronic Registration Systems, Inc., as a nominee for Mortgage Lenders Network USA, Inc.; William Swartzbaugh; Quang Nguyen; Jeffrey Harder; Maine Revenue Services; and Town of Yarmouth, Department of Finance. (Complaint ¶¶ 3-10.)

## DISCUSSION

**A.     Assessment of Tax Liability**

Plaintiff seeks a judgment in its favor for assessments made against the Shelton Defendants for income tax liabilities for each year from 2010 through 2021.

> "An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court."

*United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002).  To rebut the presumption, a taxpayer must "show that the IRS's determination is invalid."  *Stuart v. United States*, 337 F.3d 31, 35 (1st Cir. 2003) (abrogated on different grounds).  "A Certificate can also constitute 'presumptive proof that the IRS gave notice of the assessments and made demands for payment' from the taxpayer." *United States v. Beckwith*, No. 2:18-cv-00322-NT, 2019 WL 6534123, at *4 (D. Me. Dec. 04, 2019) (citing *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992)).

The Shelton Defendants do not dispute Plaintiff's assertion that a delegate of the Secretary of Treasury made joint assessments against them for tax liabilities for each year from 2010 until 2021, totaling $562,815.88, plus statutory additions and interest accruing after January 16, 2023.  In response to the motion for judgment on the pleadings, however, the Shelton Defendants offer "additional facts" regarding Defendant Christopher Shelton's 2021 and 2022 income, and that his tax liability for 2021 was $23,074 less than as asserted by Plaintiff.  (Shelton Defendants' Response at 3, ECF No. 64.)

4

On a motion for judgment on the pleadings, a court considers the factual allegations in both the complaint and answer. *BoylstonD3, LLC v. Galvin*, 496 F. Supp. 3d 692, 696 (D. Mass. 2020). In other words, "'[t]he pleadings are closed for purposes of Rule 12(c) once a complaint and answer have been filed.'" *McGuigan v. Conte*, 629 F. Supp. 2d 76, 80 (D. Mass. 2009) (quoting *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005)). The Court, therefore, does not consider the Shelton Defendants' assertion in their response to the motion that the 2021 tax liability is less than Plaintiff alleges. The pleadings establish that the amount of the tax liability is $562,815.88. Plaintiff, therefore, is entitled to judgment in the amount of $562,815.88, plus statutory additions and interest.

**B.     Federal Tax Liens**

Title 26 U.S.C. § 6321 states,

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The period of the lien begins "at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. Based on the assessments, liens attached to the property of Defendant Christopher Shelton in favor of Plaintiff. Plaintiff notified Defendants Shelton and others, including

other lienholders, of the liens when it filed Notices of Federal Tax Liens[3] in the Cumberland County Registry of Deeds.

## C. Sale of Property

Plaintiff argues, they are entitled to enforce the federal tax liens by judicial sale of the property.

> "[I]n all cases where a claim or interest of the United States therein is established, [a district court] may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interest of the parties and of the United States."

26 U.S.C. § 7403(c).

The Shelton Defendants agree the liens are proper but argue the sale should be delayed because of the undue hardship the sale would cause and because the parties might reach an agreement to resolve the matter without the sale. District courts have limited discretion when it comes to denying the forced sale authorized by 26. U.S.C. § 7403. *United States v. Rodgers*, 461 U.S. 677, 710 (1983). The discretion becomes even more limited when the only competing interests are those of the delinquent taxpayer. *Id.* at 710 ("[V]irtually no circumstances, for example, in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself."). Possible hardship is not a reason to deny Plaintiff's request for an order of sale.

---

[3] The Notices of Federal Tax Liens were filed May 17, 2016 (refiled February 13, 2023); March 18, 2021; March 24, 2021; June 21, 2021; February 23, 2022; June 7, 2022; and January 10, 2023.

The Shelton Defendants argue the forced sale would cause an undue hardship to their two minor children who live at the property. The Internal Revenue Code (IRC) defines "undue hardship," when requesting an extension of time for paying a tax or deficiency, as meaning "more than an inconvenience to the taxpayer." Treas. Reg. § 1.6161–1(b). While relocation of a family is not ideal, it does not constitute an undue hardship under the Code.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Plaintiff's motion for judgment on the pleadings. More particularly, I recommend the Court:

1. Enter judgment in favor of Plaintiff and against the Shelton Defendants in the amount of $562,815.88, plus statutory additions and interest;[4]

2. Declare that Plaintiff has valid liens against Defendant Christopher Shelton's real property located at 314 Cousins Street, Yarmouth, Maine, the deed to which property is recorded in the Cumberland County Registry of Deeds at Book 22072, Pages 94-95; and

3. Authorize the judicial sale of the property with the proceeds of the sale to be distributed in accordance with the Court's Order on Stipulation Regarding Priority of Lienholder Parties. (Order, ECF No. 80.)

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[4] If the Court were to consider the assertion of the Shelton Defendants regarding the amount of the tax liability for 2021, the Court could conceivably grant the motion and enter a judgment in the lesser amount ($539,741.88) suggested by the Shelton Defendants.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

           /s/ John C. Nivison
           U.S. Magistrate Judge

Dated this 29th day of March, 2024.